UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VAGAN AYKASEROVICH KLYAN,<br><br>     Petitioner,<br><br>  v.<br><br>PAMELA BONDI et al.,<br><br>     Respondents. | Case No. 5:26-cv-00437-SB-SK<br><br><br>ORDER GRANTING<br>PERMANENT INJUNCTION |

The Court granted Petitioner's ex parte application for a temporary restraining order (TRO) and ordered his release on February 4, 2026. Dkt. No. 6. The TRO also required the government to show cause at a hearing on March 6 why a preliminary injunction should not issue. *Id.* In response to the order to show cause, the government argues that the petition is moot because Petitioner has been released from detention. Dkt. No. 8. Petitioner instead asserts that without a permanent resolution of his petition, he faces the risk of unlawful redetention. Dkt. No. 10. The Court finds that the grant of preliminary relief does not render the petition moot because Petitioner seeks broader, permanent relief.

The parties agreed to expedited consideration of the underlying habeas corpus petition. *See* Fed. R. Civ. P. 65(a)(2); Dkt. No. 12. As directed, the parties met and conferred, and each proposed language in the event a permanent injunction is granted. The proposals are similar and largely track the regulations governing revocation of release under 8 C.F.R. § 241.13. After considering the two proposals, the Court vacates the March 6, 2026 preliminary injunction hearing and orders as follows:

Respondents are enjoined and restrained from redetaining Petitioner absent any of the following:

(a) Petitioner's violation of his conditions of release pursuant to 8 C.F.R. § 241.13(i)(1);

1

(b) a showing of changed circumstances supporting a determination that there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future, *see* 8 C.F.R § 241.13(i)(2), considering all the facts of the case, including the factors set forth in 8 C.F.R. § 241.13(f); or

(c) a determination by an authorized official that any of the conditions of 8 C.F.R. § 241.4(l)(2) are satisfied.

Upon redetention, Petitioner must be notified of the reasons for the revocation of his release. *See* 8 C.F.R. § 241.13(i)(3). Petitioner shall also be provided with an informal interview, within seven days of his redetention, affording him an opportunity to respond to the reasons for revocation stated in the notification. *Id.*

*   *   *   *

Petitioner's request for a predetention hearing is denied, as he has not cited any authority requiring such a hearing. In the event that Petitioner believes the government has violated the terms of the permanent injunction entered by this Court, Petitioner may move to enforce the injunction as appropriate.

A final judgment will be separately filed. The clerk is directed to close the case.

Date: March 5, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

2